UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                   :
WILLIE J. GRIFFIN, JR.,            :
                                   :    Civil Action No.
            Petitioner             :    07-351 (NLH)
                                   :
      v.                           :
                                   :    **M E M O R A N D U M**
CHARLES SAMUELS, JR.,              :
                                   :    **O R D E R**
            Respondent.            :
_____:


IT APPEARING THAT:

1. On January 11, 2007, during his confinement at the FCI Fort Dix (hereinafter "Fort Dix"), Petitioner WILLIE J. GRIFFIN, JR. (hereinafter "Petitioner"), an inmate currently confined at the FCI Allenwood medium security prison camp(hereinafter "Allenwood"), filed an application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (hereinafter "Petition I")and submitted the required filing fee. See Docket Entries Nos. 1, 3.

2. The allegations contained in Petition I challenged various practices of and decisions by the administrators of Fort Dix. See Docket Entry No. 1. Short of one, all allegations and challenges contained in Petition I were made on behalf

      on unspecified inmates, leaving this Court to guess as to whether Petitioner is one of the inmates allegedly aggrieved by the challenged actions. See id.

3. On February 27, 2007, Petitioner filed with this Court a supplemental § 2241 petition raising various claims on behalf of himself, as well as on behalf of unspecified inmates (hereinafter "Petition II"). See Docket Entry No. 2. A joint reading of Petitions I and II (hereinafter, collectively, "Petition") indicates that, when acting on his own behalf, Petitioner challenges (a) the procedural propriety of certain administrative actions that were conducted as a result of Petitioner having been found with a cell phone in his bunk, and (b) the validity of ensuing sanctions, which involved Petitioner's segregated confinement, loss of telephone privileges and loss of various good-time credits. See id.

4. Addressing the issue of exhaustion of administrative remedies, Petitioner admits that he sought no administrative remedies. See Docket Entry No. 1, at 6. Petitioner justifies his failure to seek administrative remedies by claiming that

> he was not provided the opportunity to file grievances [because his] counselor has not

Page -2-

>    physically came to [his] door in over a month, and [Petitioner] made multiple requests for legal and administrative forms to any staff that would listen. The staff [did] not provide[] notary, copies and/or forms in an orderly fashion. [Petitioner even had to write this § 2241 application on a plain piece of paper rather than a pre-printed form because] inmates are not given paper or pencils or envelopes upon arrival [to Fort Dix], and [Petitioner had to] purchase these items with [his] inmate's pay. [Petitioner, therefore,] contends that [the Federal Bureau of Prisons (hereinafter "BOP")] does not respect inmate[s'] claims . . .

>    Id. at 6-7.

5.  On February 28, 2007, Petitioner notified this Court about his transfer from Fort Dix to Allenwood. See Docket Entry No. 3.

6.  On September 10, 2007, this Court issued an order (hereinafter "September Order") dismissing the Petition without prejudice as unexhausted, and for lack of standing. See Docket Entry No. 5. The Court's September Order explained to Petitioner that (a) he has no standing to raise claims on behalf of other inmates, unless these other inmates are incapacitated and Petitioner qualifies as their "next friend"; and (b) the Court cannot excuse Petitioner's failure to exhaust administrative remedies with respect to those claims that Petitioner raises on his own behalf, since the Petition, on its face, indicated that Petitioner's

administrative remedies were unexhausted, and no potential future remedy that Petitioner might obtain from this Court could be rendered ineffective in the event this Court required Petitioner to exhaust his administrative remedies.[1] See id.

7. On October 11, 2007, Petitioner filed with this Court a motion for reconsideration requesting vacatur of the September Order (hereinafter "Motion"). See Docket Entry No. 6. Consequently, this Court directed the Clerk to reopen the instant matter in order to address the merits of the Motion. See Docket Entry No. 7.

8. Petitioner's Motion appears to be untimely. The Federal Rules of Civil Procedure, Rule 59(e), states, "any motion to

---

[1] This Court also noted that it did not share Petitioner's opinion that "the BOP [did] not respect inmate[s'] claims" and concluded that the process of exhaustion of BOP's administrative remedies is not futile. See Docket Entry No. 4, at 5. In addition, the Court observed that
> Petitioner's exhaustion of administrative remedies [appears to be] feasible notwithstanding Petitioner's alleged difficulties in obtaining pre-printed BOP forms since, even if this Court presumes that Petitioner, in fact, was denied pre-printed forms at Fort Dix, (a) Petitioner may draft his BOP grievance(s) on a plain piece of paper, accompanying them with due clarifications, same as Petitioner did drafting his instant § 2241 Petition; and (b) no statement made in the Petition indicates that Petitioner has been or would necessarily be denied pre-printed forms in Allenwood, the place of his current confinement.

Id. at 6.

alter or amend a judgment shall be filed not later than 10 days after the entry of the judgment." Similarly, Local Civil Rule 7.1(i) directs, "a motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Therefore, a petitioner may move for reconsideration within ten days of the entry of judgment. In the instant case, the Court's September Order denying Petitioner's requested habeas corpus relief was entered on September 10, 2007. <u>See</u> Docket Entry No. 4. The Court did not receive notice of the instant motion for reconsideration until October 11, 2007 (and the Motion was signed on October 1, 2007). <u>See</u> Docket Entry No. 6. Therefore, Petitioner's motion for reconsideration should be dismissed as untimely.

9.  Even if the Motion would be timely, the Motion is meritless. Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. <u>See</u> 11 Charles A. Wright, Arthur

R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998). However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process. Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."

      Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

10. Petitioner Motion asserts that his failure to exhaust administrative remedies should be excused because "Petitioner [intended to make] every attempt to appeal his incident report and sanctions" but, apparently, he believed he would be unable to do so because he was not "serve[d] . . . with the necessary documents."[2]  Mot. at 1-2.  The Motion also informs this Court that, upon receipt of the September 10, 2007 Order issued by this Court, Petitioner "filed multiple requests[,] including a Regional Appeal" on September 14, 2007.  See id. at 2.  According to the Motion, as of the date of Petitioner's execution of the Motion, that is, October 1, 2007, Petitioner's requests to the prison authorities were not answered.  See id.  Petitioner, therefore, concludes that the failure of prison authorities to respond to his requests within sixteen days indicates that Petitioner should be excused by this Court from meeting his exhaustion requirement.  See id. at 2-3.  However, contrary to Petitioner's conclusions, his Motion indicates

---

[2] It appears that Petitioner abandoned his initial claim that he was unable to seek administrative review due to unavailability of pre-printed forms.

Page -7-

that Petitioner's administrative appeal is currently pending and, therefore, Petitioner's exhaustion of his administrative remedies is both feasible and underway. Conversely, Petitioner's Motion neither cites manifest errors of law or fact by this Court, nor offers new evidence meriting reconsideration of the September Order or intervening changes in prevailing law.  Rather, the Motion indicates that (a) Petitioner is aiming to avoid, unjustifiably, his exhaustion requirement, and (b) Petitioner merely dislikes the current legal regime and this Court's conclusions based on that regime. However, neither Petitioner's desire to avoid exhaustion requirement nor his disagreement with this Court's decision merit grant of Petitioner's Motion. Therefore, this Court will deny Petitioner's Motion and direct the Clerk to close this matter. See Bermingham, 820 F. Supp. at 859.

      IT IS on this  7th  of  November , 2007,  ORDERED that Petitioner's Motion for reconsideration, Docket Entry No. 6, is DENIED, and it is further

      ORDERED that the Clerk shall serve Order upon Petitioner by regular mail and close the file in this matter.

                              s/Noel L. Hillman  
                              NOEL L. HILLMAN  
                              United States District Judge

At Camden, New Jersey